## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| DONNA M. MONTEFUSCO, | : | Case No. 1-04-bk-07386 |
| Debtor | : | |
| | : | Adv. No.: 1-05-ap-00091 |
| DONNA M. MONTEFUSCO, | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION, | : | |
| Defendant | : | |

### OPINION

Before me is a Motion to dismiss three counts of a seven-count adversary complaint filed in the above-captioned matter. For the reasons that follow, I will grant the Motion.

On December 13, 2004, Donna M. Montefusco ("Debtor") filed a petition for relief under Chapter 13. On June 3, 2005, Debtor filed the instant adversary case against Chase Manhattan Mortgage Corporation ("Chase"). The complaint alleged that Chase failed to properly credit certain payments that Debtor made on a mortgage held by Chase. It further alleged that Chase breached an agreement with Debtor through which Debtor could bring her delinquent account current. Based on these allegation, Debtor asserted the following causes of action: Count One, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et. seq.; Count Two, violation of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et. seq; Count Three, breach of fiduciary duty; Count Four, common law fraud; Count Five, breach of contract; Count Six, negligence; and Count Seven, objection to proof of claim.

On July 6, 2005, Chase moved to dismiss Counts Three, Four and Six of the Complaint. Chase also moved to strike a certain paragraph of the Complaint, which it alleged contained scandalous and impertinent matter.[1]  Chase filed a Memorandum of Law in support of its motion. Debtor neither answered the motion nor filed a brief as required by the Local Rules of Bankruptcy Procedure.  The matter is ready for decision.[2]

### Discussion

The instant motion was filed pursuant to Fed.R.Civ.P. 12(b)(6) under which a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In deciding a motion under Rule 12(b)(6), a court must assume that all of the properly pleaded the facts alleged in the Complaint are true, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief.  *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991).  A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 106 L.Ed. 2d 195 (1989).  Thus, if a complaint is subject to a defense and the defense is apparent on the face of the pleadings, the complaint may be dismissed under Rule 12(b)(6).  *See Wheeler v. Beard,* 2005 W.L. 1217191 (E.D. Pa.) (granting, in part, motion to dismiss under Rule 12(b)(6) due to applicability of "gist of the action" doctrine).

---

[1]The averment alleged that Chase had exhibited a general pattern or practice of non-compliance with RESPA in servicing mortgage loans.

[2]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

The "gist of the action" doctrine is a legal principle that bars a plaintiff from recovering

in tort for claims that arise in contract. The purpose of the doctrine is "to maintain the

conceptual distinction between the theories of breach of contract and tort by preventing a

plaintiff from recasting ordinary breach of contract claims as tort claims." *Wheeler*, 2005 WL

1217191, at *8 (citing *Bash v. Bell Tel. Co. of Pennsylvania,* 411 Pa.Super. 347, 601 A.2d 825

(Pa.Super.1992)). Although the Pennsylvania Supreme Court has not yet adopted the gist of the

action doctrine, (*Wheeler*, 2005 WL 1217191, at *8) both the Pennsylvania Superior Court and

the Third Circuit Court of Appeals have predicted that it will. *See eToll, Inc. v. Elias/Savion*

*Advertising, Inc.,* 811 A.2d 10, 14 (Pa.Super.2002); *Werwinski v. Ford Motor Co.,* 286 F.3d 661

(3d. Cir. 2002). *See also Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.,* 123

F.Supp.2d 826, 833 n. 11 (E.D.Pa.2000).

Based upon my review of the law and the allegations of the Complaint, I conclude that

Debtor's cause of action in negligence, which is based on Chase's alleged failure to properly

credit Debtor's account, is precluded by the gist of the action doctrine. Chase's duties regarding

Debtor's account were established by the note and mortgage and not by some standard of care

arising under the common law. Accordingly, Chase's motion is granted as to Count Six of the

Complaint. Similarly, Count Four – Debtor's cause of action for common law fraud – also may

be dismissed. *See Factory Market Inc. V. Schuller Int'l, Inc.* 987 F.Supp. 387 (E.D. Pa. 1997)

(dismissing fraud and negligence claims under gist of action doctrine). Finally, Count Three

may be dismissed both under the gist of the action doctrine and also because Pennsylvania courts

do not impose a fiduciary duty on an institutional lender such as Chase independent of its

contractual duty to its customer. In such transactions, "[w]here a duty of good faith arises, it

3

arises under the law of contracts, not under the law of torts." *Heritage Surveyors & Engineers, Inc. v. National Penn Bank*, 801 A.2d 1248, 1253 (Pa. Super. 2002) (citing *Creeger Brick and Building Supply, Inc. v. Mid-State Bank and Trust Co.,* 385 Pa.Super. 30, 560 A.2d 151, 153 (1989)). *See also In re Telfair*, 224 B.R. 243 (Bankr. S.D. Ga. 1998) (debtor-mortgagor's payment of money to mortgagee for placement in escrow account did not give rise to agency relationship under Georgia law which might support breach of fiduciary duty claim).

Accordingly, an order will be issued to dismiss Counts Three, Four and Six of the Complaint.

The Court will reserve until the hearing on this matter its ruling on Chase's motion to strike. Under Fed. R. Evid. 406, evidence of the "routine practice of an organization" is "relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the . . . routine practice." Thus relevant evidence may be introduced to support the averment. The averment of itself has no evidentiary value and thus it is not prejudicial on its face. Should Debtor proffer evidence at the hearing to support its averment, the Court will determine the probative value of such evidence at that time. Accordingly, the motion to strike is denied.

BY THE COURT,

Mary D. France

Bankruptcy Judge

Date: September 30, 2005

*This electronic opinion is signed and filed on the same date.*