IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | Chapter 13 |
| --- | --- | --- |
| DONNA M. MONTEFUSCO, | : | Case No. 1-04-bk-07386 |
| Debtor | : | |
| | : | Adv. No.: 1-05-ap-00091 |
| DONNA M. MONTEFUSCO, | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION, | : | |
| Defendant | : | |

## OPINION

### Procedural History

Before me is a Motion for summary judgment in the adversary complaint filed in the above-captioned matter. For the reasons that follow, I will grant the Motion.

On December 13, 2004, Donna M. Montefusco ("Debtor") filed a case under Chapter 13 of the Bankruptcy Code. On June 3, 2005, Debtor filed the instant, multi-count adversary complaint against Chase Manhattan Corporation ("Chase"), who holds a mortgage against Debtor's residence. Count One of the complaint alleges that "during the course of servicing the mortgage" Chase "failed to properly credit [Debtor] with payments made and failed to properly disburse sums from [Debtor's] escrow account." The complaint does not further identify the sums at issue in terms of the amounts of the payments or disbursements or the dates they were to have been made. Debtor asserts that Chase violated the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et. seq., by these acts. Count Five of Debtor's complaint reasserts these same allegations as a basis to find Chase liable for breach of contract. Count Two of the complaint alleges that Chase violated the Unfair Trade Practices and Consumer Protection Law, 73

1

Pa.C.S.A. §201-1 et. seq., by having falsely "represent[ed] that it would accept a certain sum of money to bring the mortgage payment with (sic) debtor current in May, 2004," after Debtor's residence was first set for sheriff's sale. In the complaint, Debtor does not state the specific sum of money allegedly deemed acceptable by Chase. Nonetheless, she avers that she paid the requisite amount, but that Chase "failed to bring the account to current status" and indeed "demanded additional sums from Debtor which she believes were not due...." Also included in the complaint is an objection to Chase's proof of claim filed in the main bankruptcy case.[1]

On January 12, 2006, Chase moved for summary judgment against these counts of the complaint.[2] In support of its motion, Chase filed a brief along with exhibits from discovery, including certain interrogatories and requests for admissions that went unanswered by Debtor, along with an affidavit from a mortgage officer attesting to the authenticity of a loan history report from Chase's business records. In response, Debtor filed a brief and a statement of material facts genuinely at issue. Debtor filed no exhibits or other documents to support her case. The motion for summary judgment is ripe for decision.[3]

### Discussion

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1] Ordinarily an objection to proof of claim is handled as a contested matter and not as an adversary case. However, because of the interrelatedness of the adversary matter and contested matter, it was not improper for Debtor to file her objection within the adversary complaint.

[2] The complaint originally contained three other, related causes of action. On September 30, 2005, an Order was entered granting Chase's motion to dismiss these causes of action.

[3] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In response to a motion for summary judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). *Blair v. Scott Specialty Gases* 283 F.3d 595, 603 (3d Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "There must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." *Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir.1994); *International Union, United Auto., Aerospace & Agr. Implement Workers of America, U.A.W. v. Skinner Engine Co.,* 188 F.3d 130, 137 (3d Cir. 1999)

As indicated in the Procedural History above, Debtor failed to answer certain interrogatories and requests for admissions propounded by Chase in the course of discovery. Chase requests that the Court deem certain requests for admissions to be admitted. Specifically, Chase asks that Debtor be deemed to have admitted that "all payments made by [Debtor] to Chase in connection with this loan have been properly credited to Plaintiff's account." Chase also asks that Debtor be deemed to have admitted that "[Debtor's] escrow account was properly administered and proper and accurate disbursements to same were made at all relevant times."

3

Obviously, an admission by Debtor of the truth of these statements would eviscerate her case for damages under Counts One, Two and Five of the complaint. In further support of its defense and motion for summary judgment, Chase also relies on an affidavit of one of its mortgage officers attesting to the authenticity of its records showing the receipt of payments from Debtor and how they were applied. It is Chase's position that these records demonstrate that the payments were applied properly.

Responding to Chase's arguments, Debtor's counsel acknowledges that he received the requests for admissions and that he "inadvertently failed to file timely responses," apparently due to his inability to contact Debtor despite diligent efforts to do so. Debtor submitted no affirmative evidence to support her position and relies solely on the bald allegations of her complaint.

Applying the standards set forth in *Catrett* and *Anderson*, supra, summary judgment in favor of Chase is warranted under the instant procedural circumstances. Chase has provided evidence, in the affidavit and business records, to support its defense. Debtor has not produced a scintilla of evidence - not even so much as a denial of the truth of the requests for admissions - to support her case. Debtor simply cannot rely solely on the allegations of her complaint to withstand Chase's motion. Moreover, the Court notes that the complaint conspicuously "reserves the right to change or supplement the averments of [the] Complaint upon the receipt and review of complete responses to discovery." The appearance given is that Debtor herself was not entirely certain of the facts on which her complaint was based even as she was filing it.

4

While the Federal Rules of Civil Procedure require only "notice pleading,"[4] at this late procedural juncture it would be wholly unfair to require Chase to attempt to defend itself against the vague allegations of Debtor's complaint without any knowledge of the specific payments that it is alleged to have mishandled, or the specific misrepresentations it is alleged to have made regarding Debtor's account.

Debtor's objection to Chase's claim merits separate consideration because slightly different standards of pleading and proof apply. If a proof of claim is executed and filed in compliance with Rule 3001 of the Federal Rules of Bankruptcy Procedure it constitutes "*prima facie* evidence of the validity and amount of the claim." Rule 3001(f). A court's determination of whether a proof of claim should be allowed involves a series of examinations in which the claimant and the debtor must alternately substantiate their allegations under increasing scrutiny. "The burden of proof for claims ... under §502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If averments in the filed claim meet this standard of sufficiency, it is *prima facie* valid." *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). Once the *prima facie* case is made by the creditor, the objector has the burden of producing sufficient evidence to negate the validity of the claim. The objector must produce evidence that calls into question at least one aspect of the claim's legal sufficiency. If the objector produces such evidence, then the ultimate burden shifts back to the claimant to prove by a preponderance of evidence that the claim is valid. *Id.*

---

[4]Fed. R. Civ. P., Rule 8. *In re Tower Air, Inc.*, 416 F.3d 229 (3rd Cir. 2005) (under "notice pleading" standard of Federal Rules, plaintiff need allege only those facts necessary to provide defendant with fair notice of plaintiff's claim and of grounds upon which it rests.)

5

In the instant case, Chase's proof of claim was filed in compliance with Rule 3001 and so it is *prima facie* valid. Debtor has not met her burden of producing sufficient evidence to negate the validity of the claim because she has not produced any evidence at all; her complaint consists solely of vague, unsubstantiated allegations. Having failed to successfully challenge the *prima facie* validity of Chase's proof of claim, Debtor's objection to Chase's proof of claim must be overruled.

An appropriate order will be entered.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: May 12, 2006

*This document is electronically signed and filed on the same date*.