IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| DONNA M. MONTEFUSCO, | : | Case No. 1-04-bk-07386 |
| Debtor | : | |
| | : | Adv. No.: 1-05-ap-00091 |
| DONNA M. MONTEFUSCO, | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION, | : | |
| Defendant | : | |

## OPINION

### Procedural History

Before me is a motion for reconsideration filed by Donna Montefusco ("Debtor") regarding this Court's Order of May 12, 2006 ("the May 12 Order") granting summary judgment to Chase Manhattan Mortgage Corp. ("Chase") on Counts One, Two, Five and Six (an objection to claim) of the above-captioned adversary case. At a hearing held on May 21, 2006, I granted reconsideration. Having reviewed the May 12 Order and Debtor's arguments on reconsideration, I will affirm the May 12 Order granting summary judgment on Counts One, Two and Five. The Order granting summary judgment on Count Six will be vacated.

The Procedural History set forth in the Court's Opinion also issued on May 12, 2006 ("the May 12 Opinion") is adopted herein by reference.

In the instant motion, Debtor argues that the Court should reverse its decision to dismiss Counts One and Five of the adversary complaint. Count One alleged that while servicing her mortgage Chase violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et. seq., by failing to properly credit payments made by Debtor and by failing to properly

1

disburse sums from Debtor's escrow account. Count Five alleged that Chase had breached the mortgage contract by these same failings. Counts One and Five had been dismissed because the Court found that during discovery Debtor had failed to answer certain requests for admissions, which failure effectively resulted in admissions that Debtor lacked sufficient proof of the truth of the allegations of such Counts. The motion for reconsideration avers that Debtor had in fact answered the requests for admissions, albeit in an untimely manner.[1]

Debtor also argues that the Court should reverse its decision to grant summary judgment on Count Two of the complaint, which alleges that Chase violated the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. §201-1 et. seq., by having falsely "represent[ed] that it would accept a certain sum of money to bring the mortgage payment with debtor current in May, 2004," after Debtor's residence was first scheduled for sheriff's sale. In the Opinion issued in support of the May 12, 2006 Order I found that in response to the motion for summary judgment "Debtor filed no exhibits or other documents to support her case." (Opinion, p. 2). Debtor challenges this finding, averring that she did produce affirmative evidence, specifically an affidavit in response to the motion for summary judgment, to support Count Two. Lastly, Debtor argues that the Court should reverse its decision to dismiss Count Six of the Complaint, which is an objection to the proof of claim filed by Chase. In the May 12 Opinion, the Court found that Debtor had failed to produce any evidence to bear her burden to rebut the prima facie

---

[1] Chase directed these requests for admissions to Debtor on November 1, 2005. Pursuant to Fed.R.Civ.P. 36 and Fed.R.Bankr.P. 7033 and 7036, Debtor's responses were due on December 1, 2005. Debtor did not respond before December 1, 2005 nor did she seek an extension of time for filing responses. On March 21, 2006, in the main bankruptcy case docket (Docket No. 1-04-bk-07386) and not the instant adversary case docket, Debtor filed answers to the requests for admission.

2

validity of Chase's proof of claim.

On June 1, 2006, Chase answered the motion for reconsideration. The matter is now ready for decision.[2]

**Discussion**

Debtor's motion for reconsideration is, in substance, an unstated request to allow a late filing of answers to requests for admissions. "To allow a late filing of answers to a request for admissions is the equivalent of allowing a party to withdraw admissions made by operation of [Fed.R.Civ.P.] 36(a)." *Warren v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 544 F.2d 334, 339 -340 (8th Cir. 1976). The court may permit an untimely filing of answers when the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that the untimely filing will prejudice him in maintaining his action or defense on the merits." *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 40 (W.D.N.Y.,1985) (citing *Warren*, 544 F.2d at 339-340). "A party is not prejudiced by a belated response simply because his position is prejudiced by the true facts contained in the response." *In re Hoffman*, 2000 WL 192986, *2 (Bankr.E.D.Pa.)(citing *Beatty v. United States,* 983 F.2d 908, 909 (8th Cir.1993)). "Where possible, an action should be resolved on its merits." *Hoffman*, at *2. "Deemed admissions should prevail over the quest for the truth only in extreme circumstances." *Id.* (internal quotations omitted.) Accordingly, I will consider Debtor's answers to Chase's requests for admissions despite the delay in their filing.

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

Case 1:05-ap-00091-MDF    Doc 35    Filed 06/30/06    Entered 07/05/06 10:54:49    Desc
Main Document      Page 3 of 6

Debtor's arguments for reconsideration on Counts One, Two and Five are not persuasive. As indicated above, Counts One and Five alleged that Chase had failed to properly enter credits in and make disbursements from Debtor's account. Debtor's answers to the requests for admissions provide no substantive evidentiary support for these allegations.[3] Specifically, Debtor answered that she could neither admit nor deny the following statements:

> "All payments made by Plaintiff to Chase in connection with this loan have been properly credited to Plaintiff's account."

> "Plaintiff's escrow account was properly administered and proper and accurate disbursements to same were made at all relevant times."

Debtor's inability to deny the truth of these averments obviously provides no support for her allegations that "Chase . . . failed to properly credit Plaintiff with payments made . . . and failed to properly disburse sums from [her] escrow account . . . ." Accordingly, Debtor's answers to the requests for admissions did not assist her in meeting her burden.

Debtor's reliance on this same affidavit to thwart summary judgment on Count Two is similarly misplaced. The only allegations that are neither procedural nor conclusory are the statements that Chase

> represent[ed] that it would accept a certain sum of money to bring the mortgage payment with debtor current in May, 2004, when the property subject to the mortgage was first set for a Sheriff's Sale. [Debtor] promptly made payment of the requested amount to Chase. Chase failed to bring the account to current status, as promised . . . .

Debtor's affidavit does not support these allegations and, in fact, contradicts them. Specifically, the affidavit avers that in May 2004 Debtor was the high bidder at the sheriff's sale of her property, whereupon she made a deposit of $4,500.00. The affidavit further avers that Debtor

---

[3]Debtor's affidavit is devoid of any material facts regarding the allegations of Counts One and Five.

was "informed by Chase's attorney, who was present for the sheriff's sale," that $45,000.00 "would be needed to satisfy the obligation owed to Chase." Thereafter, Debtor "attempted to obtain a mortgage for the $45,000.00 balance (sic) that had to be paid to the sheriff's office." According to the affidavit, Debtor did not receive approval on her mortgage application until July 2004. Thus the affidavit's assertion that Chase *refused to accept* Debtor's tender of $45,000.00 from the new mortgage contradicts the averment of her Complaint that after the sheriff's sale she "*made payment* of the requested amount to Chase [but] Chase failed to bring the account to current status as promised. . . ." In addition, Debtor produced no writing memorializing the alleged representations made by Chase's attorney at the sheriff's sale. Without documentary evidence of the alleged agreement regarding the mortgage, Debtor's case must fail. *See Eastgate Enterprises, Inc. v. Bank & Trust Co. of Old York Road,* 236 Pa.Super. 503, 508, 345 A.2d 279, 281 (Pa.Super. 1975) ("as between the mortgagor and mortgagee, the mortgage represents an interest in land and so must satisfy the Statute of Frauds.") Thus, Debtor's affidavit was insufficient to preclude the entry of summary judgment for Chase. Accordingly, summary judgment on Count Two was appropriate.[4]

---

[4]Alternative, I could have abstained from ruling on Count Two, which invokes a state law cause of action that exists independently of the Bankruptcy Code. Count Two is not a core proceeding and is only tangentially related to the administration of the case. A matter is "core" if it invokes a substantive right provided by the Bankruptcy Code or is a proceeding that by its nature could arise only in the context of a bankruptcy case. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 258 (1982). In fact, the matter raised in Count Two is merely *related to* the title 11 case. When a matter is not a core proceeding, a bankruptcy judge may not issue a final order or judgment on the case, but must submit proposed findings of fact and conclusion of law to the district court, which then reviews de novo any matter to which a party has specifically objected. 28 U.S.C. § 157(c)(1). Under 28 U.S.C. § 1338(c)(1), a district court has discretion "in the interest of justice" to abstain from hearing a proceeding that is only *related to* a case under title 11. This discretion is also vested in the bankruptcy judges to whom the district court may refer cases under title 11. *See In re Cody*,

Summary judgment was not, however, appropriately entered against Debtor on her objection to Chase's proof of claim. Debtor's motion for reconsideration indicates that in Debtor's response to Chase's motion for summary judgment she described certain discrepancies in Chase's documentary support of its proof of claim. Although Debtor has introduced no affirmative evidence to support her objection, the questions raised by the discrepancies in Chase's documents support partial disallowance of the claim. Therefore, the order overruling the objection will be vacated, and a hearing will be scheduled on the objection.

An appropriate order will be entered.

BY THE COURT,

*(signature)*
Bankruptcy Judge

Date: June 30, 2006

*This document is electronically signed and filed on the same date.*

---

*Inc.* 338 F.3d 89 (2nd Cir. 2003); *In re Zurn*, 290 F.3d 861 (7th Cir. 2002). "Any decision to abstain or not to abstain . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of [title 28]." 28 U.S.C. § 1334(d). Given the lack of a true nexus between the allegations of Count Two and the Bankruptcy Code, discretionary abstention in this matter would have been appropriate. Nonetheless, given the lack of merit in the Complaint and the obvious grounds for dismissal, the Court did not abstain.